UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY JAMES PEARCE, | ) |
| Plaintiff(s), | ) No. C06-6357 BZ |
| v. | ) **ORDER GRANTING DEFENDANT'S** |
| | ) **MOTION TO DISMISS** |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) |
| Defendant(s). | ) |

On October 11, 2006, pro se plaintiff Percy Pearce filed a rambling 25 page complaint seeking judicial review of defendant's denial of his application for supplemental social security income (SSI). In addition, plaintiff arguably attacks his SSI denial on due process grounds. See Complaint at 6-7. Defendant has moved to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).[1] After full briefing, the motion was heard on May 30,

---

[1] All parties have consented to my jurisdiction for all proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

1

2007.

Plaintiff's complaint and defendant's and plaintiff's admissible evidence show that following more than one hearing, on August 16, 2002, an administrative law judge denied plaintiff's SSI claim.  See Devera Decl. Exh. 1 (ALJ Decision), at 3-5.  The decision, with an attached notice accurately describing his right to appeal within sixty days of receipt of the decision, was mailed to plaintiff on August 16, 2002.  Devera Decl. ¶ 3(a).

On April 7, 2004, well after the sixty day window, plaintiff sought review of the ALJ's decision.  See Devera Decl. Exh. 2.  Defendant thereafter issued two notices to plaintiff – one dated October 27, 2004, the other December 11, 2004 – asking plaintiff to file within thirty days a written explanation for his failure to timely appeal the ALJ's decision.  Devera Decl. Exh. 3.  Hearing nothing more from plaintiff, defendant dismissed his claim by Order dated March 4, 2005.  Devera Decl. Exh. 4.  Plaintiff's October 11, 2006 suit against defendant followed.

Defendant argues that I lack subject matter jurisdiction to hear this case and that, assuming I have jurisdiction, plaintiff's suit it time barred by the sixty day filing requirement contained in 42 U.S.C. section 405(g).  I conclude that I do not have jurisdiction to hear plaintiff's case, and that he does not plead or otherwise establish a

///

///

///

2

colorable due process claim.[2]

Judicial review of the denial of SSI may be undertaken only "after any *final decision* of the Secretary made after a hearing to which he was a party." 42 U.S.C. § 405(g) (emphasis added). The dismissal by defendant of an SSI claim for failure to timely meet administrative requirements is not a "final decision," and thus generally fails to confer federal jurisdiction over such matters. See Harris v. Apfel, 2000 WL 635444, at *2 (N.D. Cal) (citing Peterson v. Califano, 631 F.2d 628, 630-31 (9th Cir. 1980)).

There is, however, a narrow exception: A court may have jurisdiction in "rare instances where the Secretary's denial of a petition to reopen is challenged on constitutional grounds." Califano v. Sanders, 430 U.S. 99, 109 (1977); Harris, 2000 WL 635444, at *2 n.1 (noting the potential applicability of the Sanders exception on facts similar to the case at bar). According to the Ninth Circuit, "the

---

[2] Federal Rule of Civil Procedure 12(b)(1) allows for a motion to dismiss based on lack of subject matter jurisdiction. The plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); In re Ford Motor Co., 264 F.3d 952, 957 (9th Cir. 2001). A Rule 12(b)(1) motion may be factual in nature, allowing the court to look beyond the complaint to extrinsic evidence. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); Savage v. Glendale Union High School Dist. No. 205, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003). When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004); Savage, 343 F.3d at 1039 n.2. By scheduling order dated April 20, 2007, I informed plaintiff of his burden to respond to defendant's 12(b)(1) motion.

3

1  Sanders exception applies to any colorable constitutional
2  claim of due process violation that 'implicate[s] a due
3  process right [either] to a meaningful opportunity to be
4  heard,' [Panages v. Bowen, 871 F.2d 91, 93 (9th Cir. 1989)],
5  or to seek reconsideration of an adverse benefits
6  determination."  Evans v. Chater, 110 F.3d 1480, 1483 (9th
7  Cir. 1997).  "A challenge that is not wholly insubstantial,
8  immaterial, or frivolous raises a colorable constitutional
9  claim."  Udd v. Massanari, 245 F.3d 1096, 1099 (9th Cir. 2001)
10 (internal quotations and citation omitted).

11      The first problem with the application of Sanders is
12 that it is not even clear that plaintiff challenges the
13 decision on due process grounds.  In his complaint, plaintiff
14 states: "This Court has jurisdiction under Title 42 U.S.C. §§
15 205(g) [sic] and 405(g)."  Complaint at 1.  The due process
16 arguments he raises are focused on arguments relating to why
17 the sixty day statute of limitations should be equitably
18 tolled.  See, e.g., id. at 6-9.  Insofar as these allegations
19 go only to plaintiff's argument for equitable tolling, my
20 jurisdiction to consider them is questionable.

21      Reading the complaint liberally to construe it as
22 pleading a separate due process attack, plaintiff fails to
23 make out a colorable claim.  First, plaintiff's assertion
24 that he was unaware of the deadlines for filing does not
25 present a cognizable due process claim.  Plaintiff admits to
26 ///
27 ///
28 ///

4

1  having received a copy of the ALJ's decision in August 2003.[3]
2  See Complaint at 24.  Despite having thus been informed of
3  his right to appeal and thereafter waiting to file until
4  April 7, 2004,[4] plaintiff was given multiple chances to
5  explain his late filing.  He simply failed to do so.

6      In his papers, plaintiff claims to have been
7  incarcerated at various time, including perhaps between June
8  and November 2005.  Pearce Decl. at 3.  At the hearing,
9  though not under oath, plaintiff claimed that he was
10 incarcerated at least at the time the December 2004 notice
11 was mailed, and that he received neither the October nor the
12 December notices.  See also Docket No. 21 (Plaintiff's
13 Submission of Supporting Case Law), at 2.[5]  Assuming the
14 accuracy of these allegations, there is no colorable due
15 process violation.

16     It is undisputed that the two notices were mailed to
17 plaintiff's correct mailing address, and there is no evidence
18 that the notices were returned to sender.  That plaintiff was
19 not diligent in collecting his mail or otherwise pursuing his
20 appeal cannot be blamed on defendant.  Defendant's pre-

---

[3] Plaintiff states in his declaration that he "did not receive notice of adverse action from Defendant Commissioner." Pearce Decl. at 3.  The statement, however, seems only to go to the fact that plaintiff claims to have received his copy from his United States Probation Officer.  Complaint at 24.

[4] At the hearing, plaintiff offered no explanation for why he waited so many months after receiving actual notice of the decision before filing his appeal.

[5] Plaintiff's Submission goes well beyond my direction at hearing to provide the Court with a particular citation.  I do, however, consider the Submission to the extent it introduces relevant citations or argument.

1  dismissal procedures gave plaintiff a "meaningful opportunity
2  to be heard" on both the reasons for his late filing and why
3  reversal of the ALJ's decision was proper, and plaintiff
4  provides no facts to the contrary.[6]

5      Plaintiff also complains of having to represent himself
6  in the hearings, and suggests that counsel should have been
7  appointed.  Complaint at 7; Pearce Decl. at 2.  While there
8  is a statutory right to counsel at an SSI hearing, 42 U.S.C.
9  § 406, no constitutional right to counsel exists.  Holland v.
10 Heckler, 764 F.2d 1560, 1562 (11th Cir. 1985); Ware v.
11 Schweiker, 651 F.2d 408, 413 (5th Cir. 1981) (explaining that
12 the Social Security Administration is provided no funds to
13 retain counsel or otherwise assist in representation).  That
14 the ALJ did not appoint counsel for plaintiff is in no way a
15 violation of his constitutional rights.  Nor does Pearce
16 claim to have been uninformed of his statutory right to
17 counsel.[7]

---

[6] Plaintiff does not contend that the notices were somehow deficient or misleading, or that he was incapable of understanding the notices or the appeals process itself.

[7] In his Submission of Supporting Case Law, plaintiff argues that "appellate courts treat SSA cases differently where SSA claimants are unrepresented by counsel...." Docket No. 21, at 12.  Under his statutory right to counsel, plaintiff's being unrepresented will not affect the validity of an SSI hearing unless prejudice or unfairness is shown. Mendoza v. Barnhart, 436 F. Supp. 2d 1110, 1115 (C.D. Cal. 2006).  No prejudice is shown such as would rise to a constitutional violation.  The ALJ ordered an additional psychological examination of plaintiff, and his decision gives due consideration to all the evidence before him.  It even appears that the ALJ put the matter over to allow plaintiff to secure counsel.  See ALJ Decision at 1.  Certainly, plaintiff does not explain how his lack of counsel precluded him from timely seeking administrative review.  Nor is this a case like Udd v. Massanari, 245 F.3d 1096 (9th Cir. 2001) (cited by plaintiff

The remainder of the infirmities plaintiff complains of do not implicate due process.[8]  None of them affected plaintiff's opportunity to be heard before the ALJ or perfect his appeal.  Plaintiff does not claim to have suffered from an impairment that precluded him from understanding the dismissal notice and related procedures.  That plaintiff did not take advantage of the appeals process cannot be held against defendant, and it certainly does not make out a colorable due process claim.[9]  Defendant's hearing and appeals procedures gave plaintiff "a meaningful opportunity to present his case," and none of the infirmities complained of demonstrate otherwise.  See, e.g., Mathews v. Eldridge, 424 U.S. 319, 348-349 (1976).  I therefore lack jurisdiction to consider plaintiff's suit.[10]

---

for a different proposition, Docket No. 21 at 12), where the claimant alleged he was unrepresented while suffering a mental impairment precluding him from understanding SSI procedure.

[8]  Plaintiff complains that the SSI proceedings were moved from Fresno to Oakland; that he was unable to secure documents and transcripts relating to the prior hearing; and that the Oakland hearing was detrimentally brief.  Complaint at 6-9.

[9]  Plaintiff spends a lot of time complaining of the conduct of his probation officer.  These allegations are irrelevant and without merit for a variety of reasons, including that the officer is not a named defendant and is not employed by defendant.

[10]  Even if jurisdiction were present, the complaint appears to be time barred.  Conceding that his claims are barred, plaintiff asks the court to apply equitable tolling to allow his suit to proceed.  See Complaint at 6; Docket No. 17 (Plaintiff's "Objection" to Defendant's Motion to Dismiss), at 7.  Plaintiff's arguments fail to demonstrate sufficient reason to apply the narrow tolling doctrine.  See, e.g., Bowen v. City of New York, 476 U.S. 467, 480 (1986) (stating that tolling is appropriate only where "the equities in favor of tolling are compelling."); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S.

7

1 | Because defendant never issued a "final decision" within
2 | the meaning of section 405(g), and because plaintiff does not
3 | plead or otherwise submit evidence of a colorable due process
4 | claim, I have no jurisdiction to consider plaintiff's suit.
5 | Even if I were to reach the merits of plaintiff's due process
6 | arguments, they fail.  Due to the unchangeable nature of the
7 | infirmities of plaintiff's complaint, amending the complaint
8 | is futile.  For these reasons, defendant's motion to dismiss
9 | is **GRANTED**.

Dated: June 7, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\PEARCE\ORD.DISMISS.2.wpd

---

101, 113 (2002) (noting that equitable tolling is "to be applied sparingly."). I was particularly troubled by plaintiff's unconvincing explanation at the hearing why this lawsuit was filed so long after defendant's 2005 notice of dismissal was mailed to the proper address.