UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PERCY JAMES PEARCE,)
)
        Plaintiff(s),   )   No. C06-6357 BZ
)
  v.                    )   **ORDER DENYING PLAINTIFF'S**
)   **MOTION FOR RECONSIDERATION**
JOANNE B. BARNHART,)
Commissioner of Social)
Security Administration,)
)
        Defendant(s).)

On June 25, 2007, plaintiff filed a motion for reconsideration relating to this Court's June 7, 2007 Order dismissing plaintiff's complaint for lack of jurisdiction. After requesting plaintiff to supply me with an exhibit discussed but not provided with his motion, plaintiff submitted the requested exhibit and an additional, lengthy motion for leave to file two additional exhibits.[1]

Civil Local Rule 7-9 provides a mechanism for parties to

---

[1] Although plaintiff's supplement went well beyond what I ordered him to do, I **GRANT** his motion for leave to file the additional exhibits and will consider them to the extent appropriate.

1

request leave of court to file a motion to reconsider interlocutory orders. See Hawks v. Kane, 2006 WL 3526743, at *1 (N.D. Cal. 2006) ("Under local rule 7-9, a party may seek leave to file a motion for reconsideration any time before judgment."). I entered final judgment in this matter on June 15, 2007. The judgment having "adjudicated all of the claims and the rights and liabilities of the parties in [the] case," Civ. L. R. 7-9(a), reconsideration is not available under Local Rule 7-9.

Federal Rule of Civil Procedure 59(e), however, allows a party to seek alteration or amendment to a judgment if filed within ten days of its entry. Rile 59(e) is a proper vehicle for a party to seek substantive reconsideration of a summary judgment ruling, Tripati v. Hanman, 845 F.2d 205 n.1 (9th Cir. 1988), and also may be utilized in the context of a motion to dismiss. See Zarcone v. U.S., 2004 WL 2196560 (N.D. Cal.); see also Greening v. U.S., 1994 WL 648027 (D. Or.) (reconsidering dismissal for lack of jurisdiction). Because plaintiff's motion was filed within ten days of entry of the judgment, I will consider his motion under Rule 59(e).

"There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (internal

1  quotations and citations omitted).  Rule 59(e) "offers an
2  extraordinary remedy, to be used sparingly in the interests
3  of finality and conservation of judicial resources."  Kona
4  Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir.
5  2000) (internal quotations and citations omitted).

6       Plaintiff's motion rambles and is unpersuasive.  As for
7  the new documents plaintiff provides, Exhibit B purports to
8  demonstrate defendant's "perjury" by impeaching dates on
9  which certain hearings were alleged to have been opened and
10 continued.[2]  Insofar as the document demonstrates that his
11 association with St. Vincent de Paul's in San Francisco began
12 in December 2003, he also argues that the Oakland social
13 security hearing in fact could not have occurred.  The dates
14 "impeached," however, had no impact on my conclusion that I
15 lacked jurisdiction over plaintiff's complaint.  Certainly,
16 the inclusion of some incorrect dates by the ALJ in his order
17 or by the defendant in her papers does not amount to
18 "perjury" which, in turn, proves up a wide-ranging conspiracy
19 to deprive plaintiff of his benefits.  Moreover, plaintiff's
20 unsworn assertion that no Oakland hearing occurred
21 contradicts his own sworn declaration submitted in opposition
22 to defendant's motion to dismiss.  See Pearce Decl. at 2.

23       More broadly, plaintiff argues that I committed clear

---

[2] Exhibit B consists of a single page entitled "Homeless Verification."  The document verifies that plaintiff utilized the services of the St. Vincent de Paul Society day center and/or shelter services from December 1, 2003 through June 15, 2007.  Plaintiff also claims that he was unaware of the document prior to the issuance of my Order and, therefore, was omitted through no lack of diligence.  I will consider Exhibit B based on plaintiff's representations.

1  error in dismissing his complaint.  His contentions center on
2  an alleged inability to develop the record before the ALJ.[3]
3  According to Pearce, Exhibits C, D and E provide evidence of
4  his attempts to develop the record and to obtain access to
5  his social security file.[4]  Plaintiff, however, does not
6  explain why these documents were not supplied during briefing
7  on the motion to dismiss and, therefore, should not be
8  considered.  See Kona Enters., Inc., 229 F.3d at 890 ("A Rule
9  59(e) motion may not be used to raise arguments or present
10 evidence for the first time when they could reasonably have
11 been raised earlier in the litigation.").  Worse, the
12 documents constitute unsworn hearsay.  In any event,
13 plaintiff's arguments and evidence in no way undermine my
14 conclusion that the defendant's administrative processes
15 provided a meaningful opportunity to be heard and that
16 plaintiff failed to present a colorable due process claim.[5]
17       The remainder of plaintiff's motion either reiterates or

---

[3]  Pearce argued this point in his previous papers, and I explicitly analyzed the issue in my June 7 Order.  See Order Granting Defendant's Motion to Dismiss, at 6-7.  It is inappropriate to repackage this argument in a motion for reconsideration.  See Washington v. USDC Southern California, 2007 WL 1795783, at *3 (S.D. Cal. 2007).  Nevertheless, I will consider plaintiff's contention.

[4]  Exhibit C consists of a single page of notes, written by an unknown author on an unknown date, relating to plaintiff's social security case.  Exhibit D is a copy of a fax sheet prepared by an advocate representative at the General Assistance Advocacy Project.  The comments request access to plaintiff's file prior to a January 2002 ALJ hearing.  Exhibit E consists of a single page of notes, apparently written by plaintiff himself, around the time of the various hearings.

[5]  In particular, plaintiff still fails to explain why he ignored defendant's notices requesting explanation as to why his appeal of the ALJ decision was filed untimely.

4

1  attempts to expand upon arguments presented in defending
2  against dismissal, addresses the merits of his disability
3  claim, or argues for equitable tolling.  Motions for
4  reconsideration are not to be used to reargue or repackage
5  previously presented arguments.  See <u>Washington v. USDC</u>
6  <u>Southern California</u>, 2007 WL 1795783, at *3 (S.D. Cal. 2007).
7  Plaintiff's arguments going to the merits of his claim are
8  simply irrelevant to the threshold issues resolved on
9  defendant's motion for dismissal.  Plaintiff's argument for
10 equitable tolling was addressed in my previous Order.  <u>See</u>
11 Order Granting Defendant's Motion to Dismiss, at 7 n.10.  In
12 any event, nothing presented here constitutes newly
13 discovered evidence or reveals errors of law or fact.[6]

14      Because plaintiff's motion does not present cause for
15 reconsideration of my dismissal of his complaint, his motion
16 is **DENIED**.[7]

17 Dated: August 3, 2007              /s/ Bernard Zimmerman
18                                    Bernard Zimmerman
                                      United States Magistrate Judge
19

20 G:\BZALL\-BZCASES\PEARCE\ORD.DENY.RECONSIDER.wpd

---

[6] Plaintiff repeatedly asserts that various governmental actors conspired to "obliterate" the record of an earlier hearing and to otherwise prevent him from pursuing his claim.  These arguments were presented and considered in relation to the motion to dismiss.  To the extent plaintiff presents new evidence on the alleged conspiracy, I conclude that his assertions are without factual or legal support.

[7] As an alternative to reconsideration, plaintiff requests that I grant his "Motion to File Plaintiff's Notice of Appeal."  I need not grant plaintiff permission to file an appeal.  If plaintiff wishes to appeal dismissal of his complaint, he will need to comply with the Federal Rules of Appellate Procedure and, in particular, Rules 3 and 4.

5